UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**09   3217**
CASE NO.:

LOUISA COOKS,

               Plaintiff(s),

-against-

CLIENT SERVICES, INC. and JOHN and/or JANE DOES 1 – 10,

               Defendant(s).

FILED
CLERK'S OFFICE
DISTRICT COURT E.D.N.Y
JUL 27 2009 ★
BROOKLYN OFFICE

**COMPLAINT**

**DEARIE, CH. J.**

**J. ORENSTEIN, M.J.**

M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:   (212) 796-0930
Facsimile: (866) 832-8600

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LOUISA COOKS, individually and on behalf of
any and all similarly situated consumers,

               Plaintiff,

-Against-

CLIENT SERVICES, INC. and JOHN and/or
JANE DOES 1 – 10,

               Defendant(s).
-----------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

Plaintiff LOUISA COOKS ("Plaintiff" and/or "Cooks"), by and through its attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendants CLIENT SERVICES, INC. ("CSI") and JOHN and/or JANE DOES 1-10 ("Does") (CSI and Does hereinafter individually and jointly referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of New York, County of Richmond, residing at 158 Skyline Drive, Staten Island, NY 10304.

3. Defendant CSI is a Corporation incorporated in the state of Missouri with a principal of business at 3451 Harry S Truman Blvd., St. Charles, Missouri, 63301.

1

4.  CSI is a "debt collector" as the phrase is defined and used in the FDCPA.

## JURISDICTION AND VENUE

5.  The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7.  Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.  On information and belief, on a date better known to the Defendant, Defendant began collecting an alleged consumer debt from the Plaintiff ("Alleged Debt").

9.  On July 31st 2008, the Defendant, in attempting to collect the Alleged Debt, initiated an initial communication by calling the Plaintiff's phone number and leaving recorded message on her answering machine ("First Phone Message").

10. The First Phone Message consisted of the following: "Louisa Cooks, this is Kevin Wells, were trying to reach you on this matter here that we have in our firm with your name on it before it goes to Richmond County dot (sic) government. Our number is 800-521-3236 extension 4802."

11. The First Phone Message failed to contain the required consumer warnings and disclosures under 15 USC §1692e(11), specifically the failure to disclose in the initial communication that the Defendant, a debt collector, is attempting to collect a debt and that any information obtained would be used for that purpose.

2

12. Additionally, 15 USC §1692d provides that a debt collector may not "harass, oppress or abuse any person in connection with the collection of a debt", including "the placement of telephone calls without the meaningful disclosure of the callers identity". The Defendant, in/with the First Phone Message, failed to identify the name of the debt collection agency.

13. Further the Defendant violated 15 USC §1692e which prohibits the use of any "false, deceptive, or misleading representation or means in the connection with the collection of any debt". The Defendant, in/with the First Phone Message, did so by stating that "they had a matter with the Plaintiff's name on it and they had to reach her before it goes to Richmond County dot (sic) Government". As there is no Richmond County dot (sic) Government, and the Defendant never sent anything to the Richmond County Government, such statement in the First Phone Message violated 15 USC §1692e which prohibits the threat to take any action that one cannot legally be taken or that is not intended to be taken..

14. On or about August, 2008, the Defendant left a second message on the Plaintiff's answering machine stating "Louisa Cooks trying to reach you before it moves on to Richmond County Government. The name is Kevin Wells 800-521-3236. Thank you." ("Second Phone Message").

15. The Second Phone Message violated 15 USC §1692e and 15 USC §1692d .

16. With/in the Second Phone Message, the Defendant further violated 15 USC §1692g by failing to send the Plaintiff the required validation of the Alleged Debt within five days of the initial communication, as it was not contained within the recorded messages left by the Defendant on the Plaintiff's answering machine.

3

17. <u>15 USC §1692g</u> states that within five days after the initial communication with a consumer in connection with the collection of any debt the debt collector shall send a written communication containing the validation notice. To date, the Defendant has not sent a validation notice.

18. As a result of Defendant's abusive, deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, <u>including but not limited to 15 USC §1692e preface, 1692e(11), 1692 e(5) ,1692(g), 1692d preface and 1692d(6)</u>.

21. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### DEMAND FOR TRIAL BY JURY

22. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff LOUISA COOKS, on its behalf, demands judgment from the

4

Defendants CLIENT SERVICES, INC. and JOHN and/or JANE DOES 1–10 as follows:

    A.    For actual damages provided and pursuant to 15 USC §1692k(a)(1);

    B.    For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

    C.    For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

    D.    For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

    E.    A declaration that the Defendants' practices violated the FDCPA; and,

    F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    New York, New York
            July 24, 2009

                                Respectfully submitted,

                                By: _____
                                Mark Harvey Rephen (MR3384)
                                M. HARVEY REPHEN & ASSOCIATES, P.C.
                                708 Third Avenue, 6th Floor
                                New York, New York 10017
                                Phone:   (212) 796-0930
                                Facsimile: (866) 832-8600

                                *Attorneys for the Plaintiff LOUISA COOKS*

To:   CLIENT SERVICES, INC.
      3451 Harry S. Truman Blvd.
      St Charles, Missouri 63301

      *(Via Prescribed Service)*


      Clerk,
      United States District Court, Eastern of New York
      *(For Filing Purposes)*

6